UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK GARTH,

      Plaintiff,

                                     Case No. 2:21-cv-47

v.

                                     HON. JANE M. BECKERING

B. HALL, et al.,

      Defendants.

_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendants B.

Hall, Smith, Bergeron, D. Hall, and Golladay moved for summary judgment, arguing that Plaintiff

failed to exhaust his administrative remedies for the retaliation claims against them that remain in

this case, claims that arise out of cell searches and a misconduct ticket.  The matter was referred

to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that

this Court grant in part and deny in part the motions.  The matter is presently before the Court on

Defendants' objections to the Report and Recommendation.  Plaintiff filed a response to the

objections.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has

performed de novo consideration of those portions of the Report and Recommendation to which

objections have been made.  The Court denies the objections and issues this Opinion and Order.

In their objections, Defendants challenge only the Magistrate Judge's determination that

Plaintiff exhausted his retaliatory misconduct ticket claim against Defendants Smith and Bergeron

(Obj., ECF No. 37 at PageID.454; R&R, ECF No. 36 at PageID.452).  Defendants point out that

the Magistrate Judge mistakenly identified the hearing officer conducting the rehearing of Plaintiff's misconduct conviction as being the same officer who conducted Plaintiff's original Misconduct Hearing (Obj., ECF No. 37 at PageID.455).  According to Defendants, the Magistrate Judge consequently "ignore[d]" the exhaustion framework set forth in *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011) (*id.* at PageID.456).

Defendants' argument fails to demonstrate an error in the Magistrate Judge's exhaustion analysis that requires a result different from the Magistrate Judge's recommendation.  As a threshold matter, the Magistrate Judge accurately set forth the exhaustion requirements governing Plaintiff's claim.  As the Magistrate Judge explained, prisoners in Michigan Department of Correction (MDOC) custody must generally exhaust their administrative remedies through the prison grievance procedures; however, where other administrative remedies are available, prisoners are required to exhaust those available remedies before filing a federal lawsuit (R&R, ECF No. 36 at PageID.441–444).  Hence, where, as here, an inmate claims that he received a retaliatory false misconduct, the inmate must "first raise the issue during the Misconduct Hearing" (*id.* at PageID.444, citing *Siggers*, 652 F.3d at 693–94 (establishing that the retaliation issue must be raised at the "hearing")).  "If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must 'file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order'" (*id.,* quoting MICH. COMP. LAWS § 791.255(1) (Judicial review)).  The Magistrate Judge pointed out that the request for rehearing is evaluated based upon the written misconduct findings (*id.* at PageID.451).

The Magistrate Judge determined that when viewed in the light most favorable to Plaintiff, the record in this case demonstrated that Plaintiff satisfied both steps, to wit:  (1) Plaintiff properly

raised the retaliation issue at the Misconduct Hearing, and (2) Plaintiff appealed his misconduct conviction by requesting a rehearing, a request that was denied because "[a]ll relevant issues were addressed at the hearing" (R&R, ECF No. 36 at PageID.447, citing Request for a Hearing packet, ECF No. 21-4; PageID.452).  Defendants' point that the Magistrate Judge misidentified the rehearing officer does not reveal any error in the Magistrate Judge's ultimate conclusion that Defendants did not meet their burden of showing that Plaintiff failed to exhaust his administrative remedies.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 37) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 36) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment (ECF Nos. 20 & 28) are GRANTED IN PART by dismissing Defendants D. Hall, Golladay and B. Hall, and DENIED IN PART as to Defendants Smith and Bergeron.

Dated:  September 2, 2022                                      /s/ Jane M. Beckering
                                                                              JANE M. BECKERING
                                                                              United States District Judge