UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK GARTH,

    Plaintiff,

v.

B. HALL, et al.,

    Defendants.
_____/

Case No. 2:21-cv-47

HON. JANE M. BECKERING

**OPINION AND ORDER**

    Plaintiff Mark Garth filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Defendants Unknown Newland, Unknown Smith, and D. Bergeron moved for summary judgment of the retaliation claims against them, which are the only claims remaining in this case. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion and close this case. The matter is presently before the Court on Garth's two objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    The claims remaining at this stage of the case are (1) Garth's retaliation claim against Smith and Bergeron for searching Garth's cell and issuing Garth a Class I misconduct on December 11, 2019; and (2) Garth's retaliation claim against Defendant CO Newland for searching Garth's cell

on December 13, 2019 (R&R, ECF No. 59 at PageID.633).  Garth did not contest Newland's claim for summary judgment.

Garth makes two related objections, challenging only the preclusive effect the Magistrate Judge gave to the following findings of fact made by an administrative law judge (ALJ) after the Class I Misconduct Hearing:

> First, I find that I am not biased for or against Prisoner Garth and have no personal knowledge of him or this incident and have no pecuniary interests in the outcome of any of the hearings.  Prisoner Garth had in his area of control and therefore in his possession 22 prescription Motrin pills without staff authorization on 12-11-19 at 0847 hrs.  A prisoner is not allowed to possess restricted medication without staff authorization.   Per [Michigan Department of Corrections Policy Directive] 03.03.105, a prisoner is presumed to be in possession of anything in his area of control and required to search his area of control frequently to make sure it is free from contraband.  Prisoner Garth does not rebut the presumption by saying he never secures his footlocker or has not searched it in months.  Also it is not believed that he had been being harassed by the officer[.]  He would have grieved them before this instead of saying he may have grieved them the day before or after it.  The officer is clear and factual in his statement and is found to be credible.  The charge is upheld.

(R&R, ECF No. 59 at PageID.644, quoting Hearing Report).  After determining that the requirements for giving the findings conclusive effect were met, the Magistrate Judge held that "there are no genuine issues of material fact bearing on the causation element of Garth's retaliation claims against [Corrections Officers] Smith and Bergeron; the ALJ at Garth's Class I misconduct hearing found that Garth was not being harassed or retaliated against" (*id.* at PageID.648).

In his first objection to the Report and Recommendation, Garth argues that the ALJ's determination about "harassment" arising from "pills being planted in [his] area of control" is separate from—and therefore does not bar—his claims of "retaliatory cell searches" (Obj., ECF No. 60 at PageID.652).  According to Garth, "[r]etaliation and harassment are two separate issues" (*id.*).  Garth's argument lacks merit.  As the Magistrate Judge indicated, the factual disputes formed the basis for the misconduct charge and for Garth's defense thereto (R&R, ECF No. 59 at

PageID.646). The distinction Garth attempts to draw fails to identify any error in the Magistrate Judge's analysis. The first objection is therefore properly denied.

In his second objection to the Report and Recommendation, Garth simply opines that a hearing officer's "belief" should not have the "power to bar a retaliatory claim" (Obj., ECF No. 60 at PageID.653–654). However, Garth does not address—let alone demonstrate error in—the Magistrate Judge's thorough analysis of the requirements for giving preclusive effect to a finding of fact. *See* R&R, ECF No. 59 at PageID.643–648, relying on *Maben v. Thelen*, 887 F.3d 252, 259 (6th Cir. 2018) (citing *Peterson v. Johnson*, 714 F.3d 905, 911–13 (6th Cir. 2013) (setting forth requirements)). Garth's argument demonstrates only his disagreement with the preclusion doctrine in general, not any legal error in the Magistrate Judge's analysis or the Magistrate Judge's ultimate conclusion that the ALJ's findings were entitled to preclusive effect. The second objection is therefore also properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 60) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 59) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 45) is GRANTED for the reasons stated in the Report and Recommendation.

Because this Opinion and Order resolves the last pending claims, the Court will also enter a Judgment to close this case. *See* FED. R. CIV. P. 58.

Dated:  May 30, 2023                                   /s/ Jane M. Beckering
                                                       JANE M. BECKERING
                                                       United States District Judge